IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 13-70233 |
| REYNALDO ACOSTA, | § | |
| | § | |
| | § | |
| DEBTOR | § | CHAPTER 13 |
| | § | |

## MOTION OF HIDALGO COUNTY
## FOR DISMISSAL OF CHAPTER 13 CASE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITH 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**


TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**HIDALGO COUNTY,** a secured creditor in this case, moves for dismissal of this case based upon the following:

1. The Debtor filed this Chapter 13 bankruptcy case on May 10, 2013.  It has not been previously converted from any other Chapter of title 11.

2. Subsequent to the filing of the instant case, post petition *ad valorem* taxes have become delinquent. Additionally, Debtor has failed to pay ad valorem taxes for 2013 which according to the Debtor's confirmed plan were to be paid directly outside of the plan prior to their

delinquency. Although notified in writing of these delinquencies, the taxes remain unpaid as of the date of this motion.

3. To the best knowledge of HIDALGO COUNTY, the Debtor remains in possession of the property which secures payment of the taxes that are due.

4. The Debtor, by failing and refusing to pay post-petition tax liabilities as they become due, is incurring secured debt without obtaining the Bankruptcy Court's approval contrary to the terms of the Order confirming the Debtor's Chapter 13 Plan. Additionally, the Debtor is in default of its Chapter 13 plan in that the 2013 taxes remain unpaid and are delinquent.

5. In addition to the forgoing, Sections 32.01 and 32.05 of the Texas Property Tax Code create a tax lien, superior and unavoidable, on January 1 of each year to the benefit of HIDALGO COUNTY to secure payment of tax, penalty and interest ultimately assessed on the Debtor's real and/or personal property, and accordingly a lien to secure payment of 2015 taxes is now affixed to the property.

6. HIDALGO COUNTY is prevented from exercising its otherwise available state law remedies by the ongoing effect of the Automatic Stay.

**WHEREFORE, PREMISES CONSIDERED,** HIDALGO COUNTY prays that this Court dismiss this Chapter 13 case pursuant to 11 U.S.C. 1307(c)(6), and for such other and further relief as may be just.

Respectfully Submitted,

LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
2700 Via Fortuna Drive, Ste. 400 (78746)
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 443-5114 (Facsimile)

By: */s/Diane W. Sanders*
    DIANE W. SANDERS
    State Bar No. 16415500

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion to Dismiss Chapter 13 case has been served by first class or electronic mail on the parties listed below on this 27th day of March 2015.

Reynaldo Acosta
413 West Ebony
San Juan, TX 78589

**DEBTOR**

Richard O. Habermann
Attorney at Law
1418 Beech Ave., Ste. 132
McAllen, TX 78501

**ATTORNEY FOR DEBTOR**

Cindy Boudloche
Chapter 13 Trustee
555 N. Carancahua, Ste. 600
Corpus Christi, TX 78401

**TRUSTEE**

*/s/Diane W. Sanders*
DIANE W. SANDERS